UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRUTHOUT,

        Plaintiff,

   v.

DEPARTMENT OF JUSTICE,

        Defendant.
                                  /

NO. CIV. S-12-2601 LKK/CKD

O R D E R

    The court is in receipt of plaintiff Truthout's Emergency Motion to Seal Three Docket Entries. (ECF No. 28.) On September 11, 2013, defendant U.S. Department of Justice filed a statement of non-opposition to this motion. (ECF No. 29.) Plaintiff seeks the redaction of its client's privacy waiver and the sealing of its client's FBI file, both filed by defendant in support of the latter's summary judgment motion. (Hardy Decl. Exhs. C, Y, ECF Nos. 27-2 at 66, 27-3, 27-4.)

    Due to the sensitive nature of the information in these documents, the court has ordered the Clerk of the Court to provisionally redact Exhibit C and seal Exhibit Y.

    Nevertheless, the court must safeguard the "general right to

1

1  inspect and copy public records and documents, including judicial
2  records and documents." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S.
3  589, 597 (1978). "Unless a particular court record is one
4  'traditionally kept secret,' a 'strong presumption in favor of
5  access' is the starting point." <u>Kamakana v. City and Cnty. of
6  Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting <u>Foltz v.
7  State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir.
8  2003)). In order to overcome this strong presumption, a party
9  seeking to seal a judicial record must articulate justifications
10 for sealing that outweigh the historical right of access and the
11 public policies favoring disclosure. <u>See</u> <u>id.</u> at 1178-79.

12      As the Ninth Circuit has made clear, "the resolution of a
13 dispute on the merits, whether by trial or summary judgment, is at
14 the heart of the interest in ensuring the 'public's understanding
15 of the judicial process and of significant public events.'"
16 <u>Kamakana</u>, 447 F.3d at 1179 (quoting <u>Valley Broad. Co. v. U.S. Dist.
17 Court for Dist. of Nev.</u>, 798 F.2d 1289, 1294 (9th Cir. 1986)).
18 Accordingly, a party seeking to seal a judicial record attached to
19 a dispositive motion must articulate "compelling reasons" in favor
20 of sealing. <u>See</u> <u>id.</u> at 1178. "In general, 'compelling
21 reasons' . . . exist when such 'court files might have become a
22 vehicle for improper purposes,' such as the use of records to
23 gratify private spite, promote public scandal, circulate libelous
24 statements, or release trade secrets." <u>Id.</u> (citing <u>Nixon</u>, 435 U.S.
25 at 598).

26      Under the "compelling reasons" standard, a district court must

weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010) (quoting <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995)).

In light of the foregoing, the court hereby orders as follows:

[1] Plaintiff is DIRECTED to file a brief in support of the requested redaction and sealing no later than October 14, 2013. In its brief, in addition to setting forth the "compelling reasons" for its motion, plaintiff is to address the issue of why sealing, rather than selective redaction, of Exhibit Y is necessary. Plaintiff's brief may be no longer than twenty (20) pages in length.

[2] The Clerk of the Court is DIRECTED to maintain ECF No. 27-2 at 66 in redacted form and ECF Nos. 27-3 and 27-4 under seal until such time as the court orders otherwise.

IT IS SO ORDERED.

DATED: September 11, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT