1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 TRUTHOUT,                        No.  CIV. S-12-2601 LKK/CKD

12             Plaintiff,

13      v.                          **ORDER**

14 DEPARTMENT OF JUSTICE,

15             Defendant.

16

17      Plaintiff Truthout sues the U.S. Department of Justice

18 ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552

19 ("FOIA"), seeking the release of certain records withheld by the

20 agency in response to a FOIA request.

21      The DOJ has moved for summary judgment in its favor, lodging

22 with the court the *in camera*, *ex parte* declaration of one David

23 Hardy in support. To date, only a redacted copy of this

24 declaration has been filed on the court's publicly-accessible

25 electronic docket. Truthout, in turn, has moved the court to

26 order the declaration either stricken or filed publicly.

27      This matter has been decided on the papers submitted. For

28 the reasons set forth below, the court will deny Truthout's

1

motion to either strike Hardy's declaration or order it publicly-filed. Further, based on its review of the declaration, the court will grant the DOJ's motion for summary judgment.

I.   **BACKGROUND**

   **A. Factual Background**

   The following facts are taken from the operative complaint. (ECF No. 1.)

   **1. Initial FOIA request**

   Truthout is a nonprofit organization organized under the laws of California. (Complaint ¶ 3.) On April 12, 2011, Truthout submitted a FOIA request to the Federal Bureau of Investigation for all records about one Hesham Abu Zubaidah, who resides in this judicial district. (Id. ¶ 7.) Zubaidah's brother is Zayn al-Abidin Muhammad Husayn a/k/a Abu Zubaydah, whom Truthout characterizes as "a high-value detainee currently imprisoned at Guantanamo Bay." (Id.) Truthout also submitted a privacy waiver signed by Mr. Zubaidah, and requested expedited processing of its FOIA request. (Id.)

   On August 26, 2011, the FBI acknowledged receipt of the FOIA request, assigning it Request No. 1164662-000. The FBI did not address the merits of Truthout's expedited processing request. (Id. ¶ 8.)

   On September 22, 2011, the FBI informed Truthout that it had located approximately 1200 pages of responsive records. The FBI requested that Truthout agree to pay an estimated fee of $35 for production of these records; Truthout did so. (Id. ¶ 9.)

   On September 30, 2012 (*i.e.*, more than one year later), the FBI made an interim release of redacted records to Truthout. (Id.

2

1   ¶ 10.) But as of October 18, 2012 (the date this action was

2   filed), no final determination had been made as to the request.

3   (Id. ¶ 11.)

4       Truthout's first cause of action alleges a constructive

5   denial of its FOIA request, No. 1164662-000, and seeks, *inter*

6   *alia*, an order directing the FBI to provide all responsive

7   records in an expedited fashion.

8       It appears, at this time, that the parties have resolved

9   their dispute regarding this FOIA request. Plaintiff Truthout

10  writes, in its briefing herein, that, "This Motion only pertains

11  to Count 2 of the Complaint, as Plaintiff is satisfied with [the]

12  FBI's response to Count 1 and is not challenging any of its

13  withholdings." (Motion 2 n. 1, ECF No. 50-1.) Accordingly, the

14  court will not rule on those portions of the DOJ's motion for

15  summary judgment that address its denial of FOIA Request

16  No. 1164662-000.

17          **2. FBI interview of Mr. Zubaidah and subsequent**
                  **FOIA request**
18

19      On August 26, 2011, the same day that the FBI acknowledged

20  FOIA Request No. 1164662-000, an FBI agent interviewed

21  Mr. Zubaidah at his home, in an attempt to convince him to

22  rescind his privacy waiver. (Id. ¶ 17.) When Truthout reporter

23  Jason Leopold learned of this interview, he contacted the FBI "to

24  ask why agents were interfering with Truthout's FOIA request."

25  (Id. ¶ 18.)

26      Mr. Leopold was told by multiple FBI representatives,

27  including David Hardy, the chief of the FOIA office, that such

28  interviews were routine, and done to ensure that privacy waivers

1   were not forged or signed under duress. (Id.) Truthout alleges

2   that, "Despite diligent research, Truthout has not located a

3   single other instance in which [the] FBI has interviewed the

4   subject of a FOIA request regarding a privacy waiver." (Id.

5   ¶ 19.)

6       On July 19, 2012, Truthout submitted a FOIA request to the

7   FBI, seeking:

8           all FBI records pertaining to instances in
            which the FBI has dispatched special agents,
9           or any other FBI officials, to make personal
            visits to the homes, workplaces, and/or have
10          directed said officials to personally call
            third parties who have signed Privacy Act
11          waivers    authorizing    individuals    or
            organizations to file FOIA requests on behalf
12          of   the   third   party   to   discuss   and/or
            determine the legitimacy of the FOIA requests
13          the   third   parties   authorized   and   the
            authenticity of signatures on Privacy Act
14          waivers. (Id. ¶ 20.)

15

16  On August 15, 2012, the FBI acknowledged receipt of this FOIA

17  request, assigning it Request No. 1196660-000. (Id. ¶ 21.) The

18  FBI then responded as follows:

19          Please be advised that it is the FBI's policy
            to neither confirm nor deny the existence of
20          any records which would tend to indicate or
            reveal whether an individual or organization
21          is   of   investigatory   interest   to   the   FBI.
            Acknowledging the FBI's interests invites the
22          risk   of   circumvention   of   federal   law
            enforcement efforts. Thus, pursuant to FOIA,
23          5 U.S.C. § 552 exemption (b)(7)(E), the FBI
            neither confirms nor denies the existence of
24          records   which   would   indicate   whether   an
            individual or organization is or has ever
25          been of investigatory interest. (Id. ¶ 21.)

26

27  On September 12, 2012, Truthout appealed this determination to

28  the DOJ Office of Information Policy ("OIP"), arguing that

                                4

1  "[t]his request was not for records regarding which people were

2  of investigatory interest to the FBI, it was for records about

3  how the FBI processed FOIA requests, specifically, instances in

4  which FBI agents conducted interviews to determine if private

5  parties had given consent for the release of their records, as

6  occurred during the processing of Truthout's FOIA Request No.

7  1164662-000." (Id. ¶ 22.)

8      On September 28, 2012, OIP acknowledged this appeal,

9  assigning it Appeal No. AP-2012-03443. As of the date of filing

10  of the instant action, OIP had not issued a final determination

11  on the appeal. (Id. ¶¶ 23, 24.)

12  Truthout's second cause of action alleges a denial of its

13  FOIA request, No. 1196660-000, and seeks, *inter alia*, an order

14  directing the FBI to provide all responsive records in an

15  expedited fashion.

16              **B. Procedural Background**

17  Truthout filed the instant action on October 18, 2012. The

18  DOJ answered on December 5, 2012. (ECF No. 13.) Pursuant to court

19  order, the DOJ filed a motion for summary judgment on September

20  9, 2013. (ECF No. 27.) For a variety of reasons, including the

21  government shutdown and various stipulations by the parties, the

22  hearing on the summary judgment motion was continued until March

23  2014. After reviewing the party's filings, the court determined

24  that oral argument was unnecessary.

25  ////

26  ////

27  ////

28  ////

## II. TRUTHOUT'S MOTION TO STRIKE OR, ALTERNATIVELY, TO ORDER PUBLICATION OF THE HARDY DECLARATION

In support of its motion for summary judgment, the DOJ lodged the *in camera*, *ex parte* declaration of David Hardy,[1] while filing a redacted version on the court's electronic docket. (ECF No. 27-5.) Plaintiff now moves the court to either strike Hardy's declaration from the record or, alternatively, to order it filed on the public record. (ECF No. 50.) This motion was originally set for hearing on January 31, 2014, but the parties subsequently stipulated to having it decided on the papers. (ECF No. 59.)

### A. Legal Background re: FOIA

FOIA requires "every federal agency, upon request, to make 'promptly available to any person' any 'records' so long as the request 'reasonably describes such records.'" <u>Assassination Archives & Research Ctr. v. CIA</u>, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(a)(3)(A). The Supreme Court recently summarized relevant agency procedures under FOIA as follows:

> FOIA requires each agency receiving a request to "notify the person making such request of [its] determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). When an agency denies a request in whole or in part, it must additionally "set forth the names and titles or positions of each person responsible for the denial," "make a reasonable effort to estimate the volume of any [denied] matter," and "provide any such

---

[1] The operative complaint describes Hardy as "the chief of the FOIA office." (Complaint ¶ 18.) Hardy avers in his declaration that he is "the Section Chief of the Record/Information Dissemination Section of the Records Management Division at the Federal Bureau of Investigation in Winchester, Virginia." (Redacted Hardy Decl. ¶ 1.)

1   estimate to the person making the request."

2   §§ 552(a)(6)(C)(i), (F).

3   <u>Schindler Elevator Corp. v. U.S. ex rel. Kirk</u>, __ U.S. __, 131 S.

4   Ct. 1885, 1893 (2011). Defendant DOJ has adopted implementing

5   regulations under the statute at 28 CFR §§ 16.1-16.12 (2013).

6       Despite FOIA's purpose of "facilitat[ing] public access to

7   Government documents," <u>U.S. Dep't of State v. Ray</u>, 502 U.S. 164.

8   173 (1991), the statutory scheme "contemplates that some

9   information may legitimately be kept from the public." <u>Lahr v.</u>

10  <u>Nat'l Transp. Safety Bd.</u>, 569 F.3d 964, 973 (9th Cir. 2009). The

11  statute enumerates nine exemptions under which the government may

12  withhold documents or portions of document. <u>See</u> 5 U.S.C.

13  § 552(b)(1)-(9). An agency that invokes one of these exemptions

14  bears the burden of demonstrating its propriety. <u>Ray</u>, 502 U.S. at

15  173. The Ninth Circuit has held that FOIA exemptions are to be

16  interpreted "narrowly." <u>Assembly of Cal. v. U.S. Dep't of</u>

17  <u>Commerce</u>, 968 F.2d 916, 920 (9th Cir. 1992).

18      The DOJ seeks to exempt the redacted portions of the Hardy

19  declaration by invoking FOIA Exemption 7E, which exempts from

20  disclosure:

21          [R]ecords or information compiled for law
            enforcement purposes, but only to the extent
22          that the production of such law enforcement
            records or information . . . (E) would
23          disclose techniques and procedures for law
            enforcement investigations or prosecutions,
24          or would disclose guidelines for law
            enforcement investigations or prosecutions if
25          such disclosure could reasonably be expected
            to risk circumvention of the law . . . .
26

27  5 U.S.C. § 552(b)(7)(E).

28

                                    7

1    Ordinarily, "*in camera* inspection of documents is

2  disfavored . . . where the government sustains its burden of

3  proof by way of its testimony or affidavits," as it has here.

4  <u>Lion Raisins v. U.S. Dept. of Agric.</u>, 354 F.3d 1072 (9th Cir.

5  2004). Nevertheless, the Ninth Circuit has recognized that in

6  certain cases, "the government's public description of a document

7  and the reasons for exemption may reveal the very information

8  that the government claims is exempt from disclosure." <u>Doyle v.

9  F.B.I.</u>, 722 F.2d 554, 556 (9th Cir. 1983). In such cases, the

10  district need not "require the government to specify its

11  objections in such detail as to compromise the secrecy of the

12  information." <u>Id.</u>

13    The scope of judicial review of FOIA determinations is as

14  follows:

15          On complaint, the district court of the
           United States in the district in which the
16          complainant resides . . . has jurisdiction
           to enjoin the agency from withholding agency
17          records and to order the production of any
           agency records improperly withheld from the
18          complainant. In such a case the court shall
           determine the matter de novo, and may examine
19          the contents of such agency records in
           camera[2] to determine whether such records or
20          any part thereof shall be withheld under any
           of the exemptions set forth in subsection (b)
21          of this section, and the burden is on the
           agency to sustain its action. In addition to
22          any other matters to which a court accords
           substantial weight, a court shall accord
23          substantial weight to an affidavit of an
24

25 ─────────────────

26  [2] In this case, the DOJ has not provided the withheld records for
   review; the *in camera, ex parte* Hardy declaration merely
27  describes the withheld records and the reasons why the agency
   withheld them.
28

8

1
2
3

agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).[3]

4

5 U.S.C. § 552(a)(4)(B).

5
6

**B. Analysis re: Motion to Strike or Publish the Unredacted Hardy Declaration**

7

The question presented is whether the DOJ's reliance on the

8

unredacted Hardy declaration is justified, *i.e.*, whether ordering

9

disclosure of the redacted portions "may reveal the very

10

information that the government claims is exempt from

11

disclosure." Doyle, 722 F.2d at 556.

12

Plaintiff Truthout moves to unseal the declaration based on

13

Local Rule 141(f), which provides:

14
15
16

Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed. See Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1.

17

Truthout also cites Kamakana v. City & Cnty. of Honolulu, 447

18

F.3d 1172 (9th Cir. 2006), in support of its position. Kamakana

19

stands for the general proposition that a party seeking to seal a

20

judicial record attached to a dispositive motion must articulate

21

"compelling reasons" in favor of sealing.[4] See id. at 1178.

22
23
24
25
26

[3] Paragraph (2)(C) requires agencies to "make available for public inspection and copying . . . administrative staff manuals and instructions to staff that affect a member of the public[.]" 5 U.S.C. § 552(a)(2)(C). Subsection (b) sets forth the nine statutory exemptions from FOIA disclosure alluded to above. 5 U.S.C. § 552(b). Paragraph (a)(3)(B) provides, *inter alia*, that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(3)(B).

27
28

[4] Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling

1   Truthout's reliance on Kamakana, while understandable, is

2   inapt. Importing the general standard for the sealing of records

3   into FOIA litigation threatens to vitiate the exemptions that the

4   statute sets forth. In deciding whether a FOIA exemption applies,

5   the court may be unable to "articulate the factual basis for its

6   ruling," Pintos, 605 F.3d at 679, without simultaneously

7   revealing the information that the government seeks to withhold.

8   It is in recognition of this fact that the Ninth Circuit allows

9   district courts to "rule on summary judgment in FOIA cases solely

10  on the basis of government affidavits describing the documents

11  sought." Lion Raisins, 354 F.3d at 1082 (citing Church of

12  Scientology of Cal. v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th

13  Cir. 1979)).

14  Both parties cite Lion Raisins, 354 F.3d at 1072, in support

15  of their positions. Defendant DOJ describes the case as

16  "recognizing the Court's endorsement of using in camera

17  affidavits to decide some FOIA cases." It is better understood as

18  standing for the proposition that district courts "must require

19  the government to justify FOIA withholdings in as much detail as

20  possible on the public record before resorting to in camera

21  review." Id. at 1084. Lion Raisins concerns an appeal from entry

22  of summary judgment in the government's favor in a FOIA case;

23  several records had been withheld under FOIA Exemption 7(A), "law

24  enforcement records or information [which] could reasonably be

25  expected to interfere with enforcement proceedings." 5 U.S.C.

26  _____

27  reason," and "articulate the factual basis for its ruling,
    without relying on hypothesis or conjecture." Pintos v. Pac.
    Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2009) (quoting

28  Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).

1  § 552(b)(7). The Ninth Circuit reversed the district court,

2  finding fault with the latter's "reliance on *in camera* review of

3  the sealed declaration as the sole basis for its decision," id.

4  at 1082, and remanded, requiring "the district court [to] require

5  [the government] to submit detailed public declarations,

6  testimony, or other material in support of its invocation of

7  the . . . exemption and afford [plaintiff] an opportunity to

8  advocate for the release of the reports." Id. at 1085.

9  Ultimately, the Ninth Circuit held, "the district court must

10  require the government to justify FOIA withholdings in as much

11  detail as possible on the public record before resorting to *in*

12  *camera* review." Id. at 1084.

13      The DOJ has not run afoul of Lion Raisins here. Having

14  reviewed the unredacted Hardy declaration, the court is satisfied

15  that the government "has submitted as much detail in the form of

16  public affidavits and testimony as possible" in the form of the

17  redacted Hardy declaration. Id. at 1083. Moreover, Truthout has

18  had the opportunity to advocate for the release of both the

19  unredacted Hardy declaration (by seeking an order that unseals or

20  strikes it) and the underlying records responsive to the FOIA

21  request (by opposing the DOJ's summary judgment motion).[5]

22

23

24  _____

[5] Despite the Ninth Circuit's admonition that "[r]equiring as
25  detailed public disclosure as possible of the government's
    reasons for withholding documents under a FOIA exemption is
26  necessary to restore, to the extent possible, a traditional
    adversarial proceeding by giving the party seeking the documents
27  a meaningful opportunity to oppose the government's claim of
    exemption," Lion Raisins, 354 F.3d at 1083, the court is fully
28  aware that Truthout is essentially fighting blindfolded.

11

1    Truthout also argues that the DOJ should be required to

2    provide it with a "Vaughn index," a term of art originating in

3    the seminal case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir.

4    1973). The Ninth Circuit has described Vaughn indices as follows:

5          Ordinarily, rules of discovery give each
           party access to the evidence upon which the
6          court will rely in resolving the dispute
           between them. In a FOIA case, however,
7          because the issue is whether one party will
           disclose documents to the other, only the
8          party opposing disclosure will have access to
           all the facts. [citations.]
9

10         "This lack of knowledge by the party seeking
           disclosure seriously distorts the traditional
11         adversary nature of our legal system[ ]."
           Vaughn, 484 F.2d at 824. The party requesting
12         disclosure must rely upon his adversary's
           representations as to the material withheld,
13         and the court is deprived of the benefit of
           informed advocacy to draw its attention to
14         the weaknesses in the withholding agency's
           arguments. It is simply "unreasonable to
15         expect a trial judge to do as thorough a job
           of illumination and characterization as would
16         a party interested in the case." Id. at 825.
17

18         In recognition of this problem, government
           agencies seeking to withhold documents
19         requested under the FOIA have been required
           to supply the opposing party and the court
20         with a "Vaughn index," identifying each
           document withheld, the statutory exemption
21         claimed, and a particularized explanation of
           how disclosure of the particular document
22         would damage the interest protected by the
           claimed exemption. [citations.] The purpose
23         of the index is to "afford the FOIA requester
           a meaningful opportunity to contest, and the
24         district court an adequate foundation to
           review, the soundness of the withholding."
25         [King v. Dep't of Justice, 830 F.2d. 210, 218
           (D.C. Cir. 1987).] The index thus functions
26         to restore the adversary process to some
27

28

                              12

extent, and to permit more effective judicial
review of the agency's decision.

Wiener v. F.B.I., 943 F.2d 972, 977-78 (9th Cir. 1991). Not only did the DOJ deny Truthout's FOIA request herein, it also failed to furnish a Vaughn index with its denial. The difficulty, however, is that the court cannot discern a way to require the DOJ to provide "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption," id., without also forcing the agency to reveal the information contained in the withheld documents. As discussed below, this information falls within FOIA Exemption 7E.

Accordingly, the court will deny Truthout's motion to either strike Hardy's declaration or order that it be publicly filed.

### C. Analysis re: Summary Judgment Motion

Having reviewed the unredacted Hardy declaration, the court concludes that the DOJ has met its burden on summary judgment regarding Request No. 1196660-000. "There is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed R. Civ. P. 56(a), that the withheld documents meet the criteria outlined in FOIA Exemption 7E. Disclosure of the withheld information would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).[6]

---

[6] Moreover, it is arguable, though the court does not here find, that the pertinent documents would qualify for other FOIA

1    I am bound by the FOIA statute in reaching this conclusion.

2  Nonetheless, the court must state that Hardy's unredacted

3  declaration is the quintessence of bureaucratic obfuscation.

4  While attempting to decipher its meaning, I recalled one of

5  Orwell's observations when confronted with such writing:

6          As soon as certain topics are raised, the
7          concrete melts into the abstract and no one
           seems able to think of turns of speech that
8          are not hackneyed: prose consists less and
           less of words chosen for the sake of their
9          meaning, and more and more of phrases tacked
           together like the sections of a prefabricated
10         henhouse.

11  George Orwell, "Politics and the English Language," *in* A

12  Collection of Essays 162, 165 (Anchor Books 1954). Which begs the

13  question, why did the government resort to hackwork here? Orwell

14  again:

15         The inflated style is itself a kind of
           euphemism. A mass of Latin words falls upon
16         the facts like soft snow, blurring the
           outlines and covering up all the details. The
17         great enemy of clear language is insincerity.
           When there is a gap between one's real and
18         one's declared aims, [the writer] turns, as
           it were, instinctively to long words and
19         exhausted idioms, like a cuttlefish squirting
           out ink.
20

21  **IV.   CONCLUSION**

22      The court hereby orders as follows:

23      [1] Plaintiff's motion for an order striking the *ex parte*

24      declaration of David Hardy from the record, or

25

26
_____

27  Exemptions outlined in 5 U.S.C. § 552(b)(7), thereby possibly
    reinforcing the propriety of allowing the DOJ to withhold the
28  information from disclosure.

1    alternatively, directing that it be filed on the public

2    record, is DENIED.

3    [2] Defendant's motion for summary judgment is GRANTED.

4    IT IS SO ORDERED.

5    DATED:  May 5, 2014.

6

7

8

9                        LAWRENCE K. KARLTON

10                        SENIOR JUDGE
                          UNITED STATES DISTRICT COURT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   15