UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUTHOUT, | No.  CIV. S-12-2601 LKK/CKD |
|         Plaintiff, | |
|    v. | **ORDER** |
| DEPARTMENT OF JUSTICE, | |
|         Defendant. | |

Plaintiff Truthout sued the U.S. Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of certain records withheld by the agency in response to a FOIA request.

The DOJ previously moved for summary judgment. (ECF No. 27.) In support of its motion, the agency lodged the *in camera, ex parte* declaration of one David Hardy, while filing a redacted version on the court's electronic docket.[1] (ECF No. 27-5.) In

---

[1] The operative complaint describes Hardy as "the chief of the FOIA office." (Complaint ¶ 18.) Hardy avers in his declaration that he is "the Section Chief of the Record/Information Dissemination Section of the Records Management Division at the Federal Bureau of Investigation in Winchester, Virginia." (Redacted Hardy Decl. ¶ 1, ECF No. 27-5.)

1

1 response, Truthout moved the court to either strike Hardy's
2 declaration from the record or, alternatively, to order it filed
3 on the public record. (ECF No. 50.)
4 　　　By order dated May 5, 2014, the court denied Truthout's
5 motion regarding the Hardy declaration, and granted the DOJ's
6 motion for summary judgment. Truthout v. Dep't. of Justice, __ F.
7 Supp. 2d __, 2014 WL 1794449, 2014 U.S. Dist. LEXIS 62607 (E.D.
8 Cal. 2014).
9 　　　Truthout now moves for reconsideration of that portion of
10 the order granting summary judgment to the DOJ. (ECF No. 63.)
11 　　　Truthout bases its motion on Federal Rule of Civil Procedure
12 60(a), which permits the court to "correct . . . a mistake
13 arising from oversight or omission whenever one is found in a
14 judgment, order, or other part of the record."
15 　　　According to Truthout, the court erred by ruling on the
16 motion for summary judgment without permitting Truthout to file
17 an opposition. Pursuant to an agreement between the parties,
18 briefing on the DOJ's summary judgment motion was stayed while
19 the court decided Truthout's motion to either strike, or order
20 publicly-filed, the Hardy Declaration. (Order, ECF No. 49.) Yet
21 the court ruled on the motion without lifting the stay. Truthout
22 contends:

> By granting summary judgment on 6 May 2014,
> the Court ruled on Defendant's Motion without
> "the benefit of informed advocacy to draw its
> attention to the weaknesses in the
> withholding agency's arguments." Wiener v.
> FBI, 943 F.2d 972, 977 (9th Cir. 1991). While
> Truthout concedes that, without access to the
> *in camera, ex parte* declaration, its ability
> to argue is constrained, that does not mean

> that it has *no* arguments to make, and the rules of civil procedure mandate that it still be allowed an opportunity to "draw [the Court's] attention to the weaknesses in [Defendant's] arguments." (Motion for Partial Reconsideration 2, ECF No. 63.)

Truthout is incorrect when it argues that the Federal Rules of Civil Procedure mandate the opportunity to oppose a summary judgment motion. As Rule 56(a) plainly states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

As discussed in its prior order, the court concluded, after reviewing the unredacted Hardy declaration, that FOIA Exemption 7E was indisputably satisfied. The court therefore deemed additional briefing regarding the summary judgment motion to be unnecessary. Its decision to forego further briefing was not an "oversight or omission," but a deliberate choice.

The court sympathizes with any frustration that Truthout may feel at not being able to be heard regarding the propriety of summary judgment, particularly in the face of secret evidence. Nevertheless, this is one of those (thankfully rare) cases when the evidence presented *in camera* was so conclusive as to the questions presented that further briefing and argument was clearly unnecessary. The court has the inherent power to manage its docket, and in the interests of judicial economy, chose to terminate the litigation. Under these circumstances, grounds for reconsideration are absent.

////

1    Accordingly, Truthout's motion for partial reconsideration
2 is hereby DENIED.
3    IT IS SO ORDERED.
4    DATED: June 3, 2014.

```
                         _____
                         LAWRENCE K. KARLTON
                         SENIOR JUDGE
                         UNITED STATES DISTRICT COURT
```